# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXERGY DEVELOPMENT GROUP OF IDAHO, LLC, et al., | CASE NO. CV F 10-1989 LJO MJS |
| Plaintiffs, | **ORDER TO DENY INJUNCTIVE RELIEF** (Doc. 6.) |
| vs. | |
| JACK DRESSEL, et al., | |
| Defendants. | |

## INTRODUCTION

This action addresses a dispute over payments under a Security Agreement and Promissory Note ("note") in connection with the sale of four Idaho wind power projects. Plaintiffs Exergy Development Group of Idaho, LLC ("Exergy") and James T. Carkulis ("Mr. Carkulis") seek on ex parte and expedited basis to enjoin defendants Jack Dressel ("Mr. Dressel") and Jenny Dressel ("Mrs. Dressel") to file legal action to preclude activity related to the wind power projects.

## DISCUSSION

### Injunctive Relief Standards

A "preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 128 S. Ct. 2207, 2219 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S.Ct. 365, 375 (2008). To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that

1

the moving party will suffer irreparable harm absent a preliminary injunction; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter*, 129 U.S. at 374. In considering the four factors, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 129 S.Ct. at 376 (quoting *Amoco Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531 542 (1987)); *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 651 (9th Cir. 2009).

Exergy and Mr. Carkulis (collectively "plaintiffs") argue in error that this Court may apply a lesser standard than that set forth in *Winter*. In considering injunctive relief after *Winter*, the Ninth Circuit Court of Appeals has rejected such notion. *See, e.g., Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) ("To the extent that our cases have suggested a lesser standard, they are no longer controlling or even viable."); *Stormans Inc. v. Selecky*, 571 F.3d 960, 977 (9th Cir. 2009) (recognizing that the *Winter* court rejected the Ninth Circuit sliding scale test because it was "too lenient"); *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 849-850 (9th Cir. 2009) (applying *Winter* factors rather than former sliding scale test).

**Likelihood Of Success On Merits**

Pursuant to *Winter*, plaintiffs must make a "clear showing" that they are "likely to succeed on the merits." *Winter*, 129 S.Ct. at 375-376; *Stormans*, 571 F.3d at 978.

Plaintiffs' operative complaint ("complaint") alleges a (first) declaratory relief claim to seek "judicial determination of the issues" pertaining to the note, including the "amount due," date the note "matured," and whether "any delinquency payments are due." The complaint's (second) injunctive relief claim seeks to prevent Mr. and Mrs. Dressel and their counsel to pursue action to enjoin operation of the wind power projects and to contact Exergy's business partners involved in the wind power projects.

Plaintiffs fail to demonstrate likelihood of success on the merits of their claims. They merely claim that Mr. and Mrs. Dressel's counsel has "ulterior motives . . . to obtain confidential information for use in other litigation." Plaintiffs fail to reveal how they are entitled to requested injunctive relief which clearly touches on, if not infringes, First Amendment and related rights of Mr. and Mrs. Dressel and their counsel. Moreover, this Court is troubled that plaintiffs seek to enjoin potential legal action of which there is no record of filing. Plaintiffs seek a blanket injunction without regard to potential

legitimacy of Mr. and Mrs. Dressel's claims.  Plaintiffs further ignore proper legal measures to respond to purported ulterior motives of Mr. and Mrs. Dressel's counsel.

### **Irreparable Injury Absent An Injunction**

"Preliminary injunctive relief is available only if plaintiffs 'demonstrate that irreparable injury is *likely* in the absence of an injunction.'" *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting *Winter*, 129 S.Ct. At 375) (noting that the Supreme Court in *Winter* rejected the Ninth Circuit's "possibility of irreparable harm" test).  "Typically, monetary harm does not constitute irreparable harm." *Cal Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009).  "Economic damages are not traditionally considered irreparable because the injury *can later be remedied by a damage award*." *Cal Pharmacists,* 563 F.3d at 852 (italics in original).  However, "intangible injuries, such as damage to . . . goodwill qualify as irreparable harm." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1001).

Plaintiffs identify as irreparable harm "spending time and money fighting a frivolous lawsuit" and resulting "embarrassment and delay in the business relationships associated with the wind project." Plaintiffs accuse Mr. and Mrs. Dressel and their counsel to seek "a settlement in excess of their legal entitlement" under the note.

Plaintiffs offer nothing meaningful to support their claim of irreparable injury.  Plaintiffs rest on unsubstantiated generalities and provide no support for purported intangible injuries which could not otherwise be remedied by a damages award.

### **Balance Of Equities**

The purpose of preliminary injunctive relief is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

According to plaintiffs, Mr. and Mrs. Dressel's "right to interfere with Exergy's business and contractual relationships when Exergy has already offered to pay the Dressels more that [sic] what they are owed does not compare with the hardship that Exergy will suffer if the Dressels are allowed to interfere and force Exergy and its business partners to incur substantial time and funds in response."

1  The gist of plaintiffs' arguments is that Mr. and Mrs. Dressel intend to pursue frivolous claims
2  to interfere with plaintiffs' business relationships.  Plaintiffs' arguments fail to address meaningfully the
3  balance of equities and do not warrant Court intervention to preclude Mr. and Mrs. Dressel to pursue
4  claims the response to which is to defend the claims and seek their dismissal, not broad ranging,
5  unsupported injunctive relief which plaintiffs seek.

### Public Interest

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 129 S. Ct. at 376-77 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).  "The public interest analysis for the issuance of a preliminary injunction requires [the Court] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Indep. Living Ctr., So. Cal. v. Maxwell-Jolly*, 572 F.3d 644, 659 (2009).

The critical public interest here is court access and exercise of First Amendment rights.  Plaintiffs seek to quash such public interest without merit.  In essence, plaintiffs ask this Court to prejudge Mr. and Mrs. Dressel's claims before they are filed and to take plaintiffs' word that Mr. and Mrs. Dressel's claims are potentially frivolous.  Although their claims may lack merit, public interest dictates that this Court allow Mr. and Mrs. Dressel to file their claims and leave it to the parties to tackle their merits.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES plaintiffs' ex parte application and requested injunctive relief.  This Court ORDERS plaintiffs to forthwith serve a copy of this order on counsel for Mr. and Mrs. Dressel.

IT IS SO ORDERED.

Dated:   October 25, 2010              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE